

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00252-CR
No. 07-21-00253-CR

VINCENTE PEREZ PUENTES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court of
Potter County, Texas
Trial Court Nos. 67,734-D, 79,296-D, Honorable Pamela Sirmon, Presiding

June 7, 2022

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Vincente Perez Puentes appeals the trial court's judgments convicting him of possession of a controlled substance and aggravated assault with a deadly weapon. Appellant was charged in trial court cause number 67,734 with possession of a controlled substance and pled guilty to said offense in September 2014. That resulted in his placement on eight years' deferred adjudication community supervision, per a plea bargain with the State. He was subsequently charged with aggravated assault with a deadly weapon in trial court cause number 70,296-D. He pled guilty to that offense in

July 2015 and was placed, in exchange for his guilty plea, on seven years' deferred adjudication community supervision.

In May 2021, the State filed a motion to proceed to adjudication in both causes because appellant allegedly committed the offense of prostitution. He pled not true to the State's allegation. Nevertheless, the trial court found it true, adjudicated him guilty of both the possession and assault offenses, and levied sentence. Appellant perfected appeals from the trial court's judgments in both causes and received appointed counsel to represent him due to alleged indigence.

Appointed counsel filed a motion to withdraw together with an *Anders* brief.[1] Through those documents, she certified that, after diligently searching the record, the appeal is without merit. Accompanying the brief and motion is a copy of a letter sent by counsel to appellant informing the latter of counsel's belief that there is no reversible error and of appellant's right to file a response, pro se, to both the motion to withdraw and *Anders* brief. So too did counsel provide appellant with a copy of the appellate record. By letter dated March 17, 2022, this Court notified appellant of his right to file his own brief or response by April 18, 2022, if he wished to do so. Appellant twice sought extensions of the response deadline. Eventually he or someone on his behalf retained separate legal counsel to assist his quest to draft a response. We approved that and extended the deadline with the admonishment that appellant is to sign the response. A response, signed by appellant, was received on May 31, 2022.

In said response, appellant raised several issues. We find one or more of them to be worthy of development or potentially arguable. Therefore, disposing of the appeal via

---

[1] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

the *Anders* procedural mechanism is inappropriate. *See Edgar v. State*, Nos. 07-18-00327-CR, 07-18-00328-CR, 07-18-00329-CR, 2019 Tex. App. LEXIS 3231, at *3 (Tex. App.—Amarillo Apr. 22, 2019, order) (per curiam) (not designated for publication) (observing that, in finding an arguable issue, "[w]e make no representation about the ultimate merits" of the issue and, instead, conclude only that an arguable issue prevents affirmance in the *Anders* context).

Consequently, we grant appointed counsel's motion to withdraw, given the representation concerning the appeal's frivolity. We also abate and remand the cause to the trial court to determine, through notice and hearing to all parties, the following issues:

(1) whether, in light of appellant's retention of another attorney to assist in the preparation of his pro se *Anders* response, appellant remains indigent and entitled to appointed counsel on appeal; and

(2) whether counsel retained to assist appellant in filing the response was also retained to prosecute his appeal.

If counsel retained to assist appellant in filing the *Anders* response was also retained to prosecute the appeal, no further action need be taken by the trial court aside from notifying this Court of same. If counsel retained to assist appellant was not hired to prosecute appellant's appeal and appellant satisfies the criteria entitling him to appointed counsel, the trial court shall appoint counsel to represent him. Said counsel may be that retained to assist in drafting the *Anders* response, should the trial court so choose.

The trial court shall (1) cause its hearing to be transcribed in a supplemental reporter's record, (2) execute written findings addressing the aforementioned issues, (3) cause its written findings and all orders executed relating to them to be included in a

3

supplemental clerk's record, and (4) cause both the supplemental reporter's and clerk's records to be filed with the Clerk of this Court by 5:00 p.m. June 30, 2022. Included in the findings shall be the name, address, phone number, email address, and state bar number of any new counsel the trial court appoints on behalf of appellant. Should the trial court be unable to perform the foregoing directives by June 30, 2022, it must request additional time by that date. Thereafter, this Court will issue pertinent scheduling deadlines.

It is so ordered.

Per Curiam

Do not publish.